BLUME, FORTE, FRIED,
ZERRES & MOLINARI, P.C.
A Professional Corporation
26 Journal Square, Suite 603
Jersey City, NJ 07306
Norberto A. Garcia (024941993)
Attorney for Plaintiff (s)

CAROL KACHMAR,

Plaintiff(s)

vs.

WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL, KRG BAYONNE URBAN RENEWAL, LLC, DELAWARE VALLEY PAVING, INC., and ABC-XYZ CORP. (a series of fictitious entities)

Defendant(s)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

Case 2:19-cv-20695-JMV-MF

AMENDED COMPLAINT

Plaintiff, CAROL KACHMAR, residing at 2 Oak Street in Bayonne, New Jersey, by way of Complaint says:

FIRST COUNT

1. On or about June, 12 2017, the plaintiff, CAROL KACHMAR, was lawfully on the premises of the defendant(s), WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL, KRG BAYONNE URBAN RENEWAL, LLC and ABC-XYZ CORP. (a series of fictitious entities) located at 500 Bayonne Crossing in Bayonne, New Jersey.

2. The premises upon which plaintiff was on were owned, operated, designed, constructed, maintained, managed, cared for, possessed and controlled by the defendant(s), WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL, KRG BAYONNE URBAN RENEWAL, LLC, DELAWARE VALLEY PAVING, INC., and ABC-XYZ CORP. (a series of fictitious entities).

3. It then and there became the duty of the defendant(s), WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL, KRG

BAYONNE URBAN RENEWAL, LLC, DELAWARE VALLEY PAVING, INC., and ABC-XYZ CORP. (a series of fictitious entities)by and through their agents, servants and employees, to use reasonable care to inspect and make the premises reasonably safe for the plaintiff.

4. Notwithstanding said duty, the defendant(s), by and through their agents, servants and employees, carelessly, recklessly and negligently breached said duty and thereby caused and/or permitted the plaintiff, CAROL KACHMAR, to suffer severe personal injuries, to suffer and continue to suffer great physical and mental pain, lose time from employment, suffer an impairment of earning capacity, to require and in the future require medical treatments and/or hospitalizations in endeavoring to be cured of said injuries, and she was and will be caused to suffer a loss of enjoyment of life.

WHEREFORE, plaintiff, CAROL KACHMAR, demands judgment on this count against defendant(s), WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL, KRG BAYONNE URBAN RENEWAL, LLC, DELAWARE VALLEY PAVING, INC., and ABC-XYZ CORP. (a series of fictitious entities), for damages, interest and costs of suit.

SECOND COUNT

1. Plaintiff, CAROL KACHMAR, repeats the allegations contained in the prior count and makes the same a part hereof by reference and incorporation.

2. Plaintiff's injuries and the manner in which she was injured are such that the dangerous instrumentality which caused her injuries was under defendant's control, and the injuries would not have been sustained, but for the carelessness, negligence and recklessness of the defendant(s), their agents, servants and employees.

WHEREFORE, plaintiff, demands judgment on this count against defendant(s), WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL,

KRG BAYONNE URBAN RENEWAL, LLC, DELAWARE VALLEY PAVING, INC., and ABC-XYZ CORP. (a series of fictitious entities), for damages, interest and costs of suit.

THIRD COUNT

1. Plaintiff, CAROL KACHMAR, repeats the allegations contained in the prior counts and makes the same a part hereof by reference and incorporation.

2. It then and there became the duty of the defendant(s), by and through their agents, servants and employees, to warn the plaintiff and otherwise make known to the plaintiff, the dangers and risks of being on the premises of the defendant(s).

3. Notwithstanding said duty, the defendant(s), by and through their agents, servants and employees, failed to warn or alert the plaintiff.

WHEREFORE, plaintiff, CAROL KACHMAR, demands judgment on this count against defendant(s), WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL, KRG BAYONNE URBAN RENEWAL, LLC, DELAWARE VALLEY PAVING, INC., and ABC-XYZ CORP. (a series of fictitious entities), for damages, interest and costs of suit.

FOURTH COUNT

1. Plaintiff, CAROL KACHMAR, repeats the allegations contained in the prior counts and makes the same a part hereof by reference and incorporation.

2. The defendant(s), WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL, KRG BAYONNE URBAN RENEWAL, LLC, DELAWARE VALLEY PAVING, INC., and ABC-XYZ CORP. (a series of fictitious entities), created and/or maintained a nuisance, which nuisance resulted in injuries sustained by the plaintiff as aforesaid.

WHEREFORE, plaintiff, CAROL KACHMAR, demands judgment on this count against defendant(s), WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL, KRG BAYONNE URBAN RENEWAL, LLC, DELAWARE VALLEY

PAVING, INC., and ABC-XYZ CORP. (a series of fictitious entities), for damages, interest and costs of suit.

FIFTH COUNT

1. Plaintiff, CAROL KACHMAR, repeats the allegations contained in the prior counts and makes the same a part hereof by reference and incorporation.

2. The defendant(s) maintained, operated, controlled and/or supervised a dangerous instrumentality and is/are, therefore, strictly liable for injuries which result from said dangerous instrumentality.

WHEREFORE, plaintiff, CAROL KACHMAR , demands judgment on this count against defendant(s), WALMART SUPERCENTER, INLAND DIVERSIFIED BAYONNE URBAN RENEWAL, KRG BAYONNE URBAN RENEWAL, LLC, DELAWARE VALLEY PAVING, INC., and ABC-XYZ CORP. (a series of fictitious entities), for damages, interest and costs of suit.

REJECTION OF ANY NOTICES OF ALLOCATION

Plaintiff(s) reject(s) any Notices of Allocation asserted by any defendant, whether made pursuant to R. 4:7-5 or otherwise. Plaintiff(s) insists that the details upon which any claim of allocation is based be provided to plaintiff(s) in a timely manner in discovery as is required by Young v. Latta, 123 N.J. 584 (1991).

BLUME, FORTE, FRIED,
ZERRES & MOLINARI, P.C.
A Professional Corporation
Attorney(s) for Plaintiff(s)

DATED: May 11, 2020

BY: ______________________
NORBERTO A. GARCIA

JURY DEMAND

Plaintiff demands trial by jury as to all issues involved herein.

BLUME, FORTE, FRIED,
ZERRES & MOLINARI, P.C.
A Professional Corporation
Attorney(s) for Plaintiff(s)

DATED: May 11, 2020

BY:________________________

NORBERTO A. GARCIA

DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, NORBERTO A. GARCIA, ESQ., is hereby designated as Trial Counsel of this matter.

CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration contemplated. All parties known to plaintiff who should have been joined in this action, have been joined.

BLUME, FORTE, FRIED,
ZERRES & MOLINARI, P.C.
A Professional Corporation
Attorney(s) for Plaintiff(s)

DATED: May 11, 2020

BY:________________________

NORBERTO A. GARCIA